UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNALDO JAVIEL MUJICA PENA,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2841

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)

In an order entered on October 8, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents[1] filed their response and a recording of the April 9, 2026, bond hearing on October 14, 2026. (Resp., ECF No. 6; Recording of Apr. 9, 2026, Bond Hearing, filed on Oct. 14, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. Op., *Mujica Pena v. Raycraft*, (*Mujica Pena I*), No. 1:26-cv-684 (W.D. Mich. Apr. 6, 2026), (ECF No. 10, PageID.147.) On November 14, 2025, Petitioner was arrested by ICE. (*Id.*, PageID.148.)

On March 2, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Mujica Pena I*. *See* Pet., *Mujica Pena I*, (W.D. Mich. Mar. 2, 2026), (ECF No. 1.) In *Mujica Pena I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Mujica Pena I*, (W.D. Mich. Apr. 6, 2026), (ECF Nos. 10, 11.)

On April 9, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 6, PageID.18.) At the conclusion of the April 9, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk. Removal order pending appeal." (Order Immigration Judge, ECF No. 6-1, PageID.34.)

[1] The Court notes that in the Court's Order to Show Cause, the Field Office Director of Enforcement and Removal Operations for the Immigration and Customs Enforcement Detroit Field Office was added as a Respondent in this action. (ECF No. 5, PageID.13.) In the Court's Order to Show Cause, the Court also dismissed North Lake Processing Center, the Warden of the North Lake Processing Center, The GEO Group, Inc., the Sheriff of Lake County, the Calhoun County Correctional Center, and the Sheriff of Calhoun County, to the extent that any of these Respondents were named in the action. (*Id.*)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on April 9, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 23, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge